OCCIDENTAL CHEMICAL CORPORA-
TION, and People of the State of New
York, and The Public Service Commis-
sion of the State of New York, Pennsyl-
vania Public Utility Commission, Long
Lake Energy Corporation, National In-
dependent Energy Producers, Ultrasys-
tems Development Corporation, Peti-
tioners,

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent,

Orange and Rockland Utilities, Inc.,
Rockland Electric Co. and Pike County
Light & Power Co., American Ref–Fuel,
Public Utilities Commission of the
State of California, The Independent
Power Producers of New York, Consol-
idated Edison Company of New York,
Inc., Edison Electric Institute, National
Association of Regulatory Utility Com-
missioners, The Connecticut Light and
Power Company, Potomac Electric
Power Company, Cogeneration & Inde-
pendent Power Coalition of America,
Inc., Ultrasystems Development Corp.,
Connecticut Resources Recovery Au-
thority, Intervenors.

Nos. 551–555 and 556, Dockets 88–4086,
88–4088, 88–4108, 88–4116,
88–4118 and 88–4136.

United States Court of Appeals,
Second Circuit.

Argued Jan. 27, 1989.

Decided Feb. 22, 1989.

Earle H. O'Donnell, Washington, D.C.
(Sutherland, Asbill & Brennan, Michael L.
Denger, John D. Sharer, Judith A. Center,
of counsel), for petitioner Occidental Chem-
ical Corp.

Lawrence G. Malone, New York State
Public Service Com'n, Albany, N.Y. (Robert
A. Simpson, Acting Counsel to the Public
Service Com'n, Kathryn C. Brown, Jona-
than D. Feinberg, of counsel), for appel-
lants People of New York State and New
York State Public Service Com'n.

Billie E. Ramsey, Asst. Counsel, Pennsyl-
vania Public Utility Com'n, Harrisburg, Pa.
(John C. Povilaitis, Deputy Chief Counsel,
Daniel P. Delaney, Chief Counsel, of coun-
sel), for petitioner Pennsylvania Public Util-
ity Commission.

Robert L. Sills, New York City (Reboul,
MacMurray, Hewitt, Maynard & Kristol,
Donald B. Dillport, Sanford L. Hartman,
Michael E. Twomey, Olwine, Connelly,
Chase, O'Donnell & Weyher, W. Harrison
Wellford, Robert F. Schiff, of counsel), for
petitioners Long Lake Energy Corp. and
Nat. Independent Energy Producers.

Jerome M. Feit, Sol. F.E.R.C., Washing-
ton, D.C. (Catherine C. Cook, Gen. Counsel,
Frank R. Lindh, of counsel), for respon-
dent.

Gerard A. Maher, New York City (Nixon, Hargrave, Devans & Doyle, Andrew Gansberg, Frank H. Penski, of counsel), for intervenors Orange and Rockland Utilities, Inc., Rockland Elec. Co. and Pike County Light & Power Co.

Allen B. Taylor, Hartford, Conn. (Day, Berry & Howard, Philip M. Small, Peter Garam, Carl D. Hobelman, Peter B. Kelsey, Edward H. Comer, Bonnie A. Suchman, Allen C. Barringer, of counsel), for intervenors Edison Elec. Institute, Consol. Edison Co. of New York, Inc., The Connecticut Light and Power Co., Western Massachusetts Elec. Co., Holyoke Power & Elec. Co., and Potomac Elec. Power Co.

Paul Rodgers, Gen. Counsel, Nat. Ass'n of Regulatory Utility Com'rs, Washington, D.C. (Charles D. Gray, Asst. Gen. Counsel, of counsel), for intervenor Nat. Ass'n of Regulatory Com'rs.

Peter W. Brown, Concord, N.H. (Peter J. Lynch, Brown, Olson & Wilson, Charles E. Schwenck, Daniel J. Regan, Jr., Pillsbury, Madison & Sutro, Michael J. Zimmer, Wickwire, Gavin & Gibbs, of counsel), for petitioner Ultrasystems Development Corp. and intervenors The Independent Power Producers of New York and Cogeneration & Independent Power Coalition of America, Inc.

Thomas A. Rouse, Hartford, Conn. (Byrne, Slater, Sandler, Shulman & Rouse, of counsel), for intervenor Conn. Resources Recovery Authority.

James A. Yates, Albany, N.Y. (Karen R. Kaufmann, of counsel), amicus curiae The Assembly of the State of New York.

Before PRATT and ALTIMARI, Circuit Judges, and SAND, District Judge.*

SAND, District Judge.

Petitioners seek review of an order issued on April 14, 1988 by The Federal Energy Regulatory Commission ("Commission"). The Commission has stayed the order, which is said to be prospective only, and commenced a rulemaking proceeding addressing the identical issues raised by this appeal. We hold that judicial review is premature and dismiss the petitions without prejudice.

## BACKGROUND

Section 210 of the Public Utility Regulatory Policies Act of 1978 ("PURPA") requires the Commission to prescribe rules governing the purchase and sale of power by electric utility companies from and to cogeneration and small power production facilities. 16 U.S.C. § 824a–3 (1982). In its 1980 preamble to its PURPA rules, the Commission said that states were free to charge rates for purchases from cogenerators and small power producers in excess of the utility's "avoided costs." In its April 14, 1988 order, however, the Commission reversed that position, declaring that in light of changes that had occurred in the industry since 1980, states would no longer have such authority.

The Commission's order, and its subsequent denial of rehearing, created considerable uncertainty in the industry. In recognition of the impact that its ruling would have and in view of the desire of many in the industry to be heard, the Commission issued a rulemaking proposal that would elicit public comment on the proposed change.

By separate order dated June 16, 1988, the Commission stayed its April 14, 1988 order, pending judicial review or until completion of the supplemental rulemaking proceeding. In oral argument, the Commission advised the Court that the comment phase had been completed and that the Commission has had the matter under advisement since last summer. The composition of the Commission has changed since April 1988 so that three of the five members of the present Commission either voted against or did not participate in the April 14, 1988 order.

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

## DISCUSSION

The current status of the Commission's actions raises the issue of ripeness. The Supreme Court has said that ripeness is important in order to

> prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Laboratories v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). The four criteria for determining ripeness, as set forth by the Supreme Court in *Abbott,* and enunciated more recently by the Fifth Circuit in *Pennzoil Co. v. Federal Energy Regulatory Commission,* 742 F.2d 242, 244 (5th Cir.1984), are:

> (1) whether the issues presented are purely legal; (2) whether the challenged agency action constitutes 'final agency action' within the meaning of the Administrative Procedure Act; (3) whether the challenged agency action has or will have a direct and immediate impact on the petitioner; and (4) whether the resolution of the issues will foster, rather than impede, effective enforcement and administration by the agency.

According to these four criteria, this case is not ripe for review. First, the pending rulemaking process makes the stayed April 14, 1988 order "particularly inappropriate for judicial resolution at this time" because the rulemaking "could alter the very regulations applied" in that order. *United States Defense Committee v. Federal Election Commission,* 861 F.2d 765, 772 (2d Cir.1988). Further, the rulemaking process, with its public comments, may lead to new factual information that will inform the Commission's final decision. Second, there has been no final agency action. The Commission's order is stayed and the rulemaking is *sub judice.* Were the Court to intervene at this stage, we would "den[y] the agency an opportunity to correct its own mistakes [if any] and to apply its expertise." *Federal Trade Commission v. Standard Oil Co.,* 449 U.S. 232, 242, 101 S.Ct. 488, 494, 66 L.Ed.2d 416 (1980). Third, the challenged agency action will not have a direct impact on the petitioner because the order is stayed until the completion of the Commission's rulemaking proceeding. Fourth, a judicial decision at this time would merely impede the agency's efforts to complete its rulemaking proceedings and to formulate rules for implementation of its decision.

The parties' arguments for ripeness, raised during oral argument, are unpersuasive. One argument is that rulemaking is likely to proceed slowly; however, agency delay is not a factor in determining ripeness. *See Pennzoil, supra,* 742 F.2d at 245 (" '[w]e can sympathize with the petitioners' desire for rapid resolution of this issue, but in light of the lack of ripeness ..., judicial review at this time would not be helpful' " (quoting *Pennzoil Co. v. Federal Energy Regulatory Commission,* 645 F.2d 394, 400 (5th Cir.1981))).

A second argument is that judicial review is needed to end uncertainty in the industry. However, unless the Court were to decide the appeal on constitutional grounds, the Commission's ongoing rulemaking proceeding would continue to cause uncertainty in the industry. This would be so were the Court to invalidate the April 14, 1988 order on any of the several procedural grounds urged by petitioners and not reach questions of preemption and the authority of the Commission. Because a court will reach constitutional issues only if other issues do not resolve the immediate question before the court, *see Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 346–47, 56 S.Ct. 466, 482–83, 80 L.Ed. 688 (1936) (Brandeis, J., concurring), there is a high probability that if any of petitioners' procedural claims have validity, this would occur. Judicial review at this stage would thus serve no purpose other than to delay ultimate resolution of questions that the industry wishes to have resolved promptly. Although we recognize that no party has urged dismissal for lack of ripeness, we are convinced that not only sound

jurisprudence but also the best interests of the industry are served by our ruling.

A third contention advanced is that judicial review is appropriate despite the prospective nature of the April 14, 1988 order and the stay because unless the April 14th order is withdrawn the Commission could make any new order emerging from the rulemaking proceeding retroactive to that date. The Commissioner's Solicitor expressed uncertainty at oral argument whether the Commission could act in this fashion. Suffice it to say that such action by the Commission is now merely conjectural. All parties will have a full opportunity to litigate whatever determination is ultimately made by the Commission.

### CONCLUSION

As *Abbott* and *United States Defense Committee* advise, this Court will refrain from acting until the Commission has acted with finality. Accordingly, the petitions are dismissed without prejudice for lack of ripeness.